**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Charles C. Cooper</u>

    v.                                         Civil NO. 10-cv-378-JD

<u>Board of Immigration Appeals</u>

### REPORT AND RECOMMENDATION

    Charles Cooper has filed a petition (doc. no. 1) seeking relief from the Board of Immigration Appeals' denial of his request for a cancellation of deportation. Because plaintiff is pro se and proceeding in forma pauperis, the matter is before me for preliminary review to determine whether or not the petition states any claim upon which relief might be granted. <u>See</u> 28 U.S.C. § 1915(a); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).

<u>Standard of Review</u>

    Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(1). In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se

party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint sufficiently states such a claim for relief is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Although Cooper's petition is sparse, liberally construing the allegations therein, I find that Cooper has set forth the following facts. Cooper is a Liberian citizen who has been a resident of New Hampshire, with refugee status, since December 2000. In 2002, Cooper was granted permanent resident status. In 2004, Cooper was arrested, charged, and convicted of offenses against his wife. As a result of those charges, Cooper states he was arrested by an Immigration Officer who took his permanent residence card. After a hearing before an Immigration Judge and appellate review by the Board of Immigration Appeals ("BIA"), where he requested a cancellation of deportation, Cooper was ordered deported. Cooper seeks relief in this Court from the BIA's decision, stating that his refugee status entitles him to a cancellation of deportation.

## Discussion

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), 8 U.S.C. § 1252(a)(2)(B), denies jurisdiction to any court to revise any action of the Attorney General made discretionary under that statute. See Kucana v. Holder, ___ U.S. ___, ___, 130 S. Ct. 827, 832 n.1 (2010).

Review of a BIA decision regarding a request for cancellation of deportation is an act within the Attorney General's discretion under IIRIRA.  See 8 U.S.C. § 1252(a)(2)(B)(i).  The recently enacted REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D) ("REAL ID Act"), provides an exception to IIRIRA's general denial of jurisdiction and allows "constitutional claims or questions of law [to be] raised upon a petition for review filed with an appropriate court of appeals."  See Elysee v. Gonzales, 437 F.3d 221, 223 (1st Cir. 2006); Sena v. Gonzales, 428 F.3d 50, 52 (1st Cir. 2005) (appeals court had jurisdiction because constitutional and legal questions were presented).

   This Court lacks jurisdiction over this petition as district courts are not vested with any jurisdiction to review appeals of BIA decisions.  8 U.S.C. § 1252(a)(2)(B)(i).  To the extent Cooper grounds his request for review on a constitutional or legal question, jurisdiction of this matter lies in the court of appeals.

## Conclusion

   I recommend that this action be dismissed, for want of jurisdiction, without prejudice to Cooper refiling a petition for review in the court of appeals.  Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the

district court's order.  See Fed. R. Civ. P. 72(b)(2); Rodriguez-Mateo v. Fuentes-Agostini, 66 Fed. App'x. 212, 213 n.3 (1st Cir. 2003); Sunview Condo. Ass'n v. Flexel Intern., Ltd., 116 F.3d 962, 964 (1st Cir. 1997).

_____
Landya B. McCafferty
United States Magistrate Judge

Date:   November 15, 2010

cc:     Charles C. Cooper, pro se

LBM:jba